1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7

8    EBER GENE RUTH,                          No. C 09-1861 SI (pr)

9              Petitioner,                    **ORDER OF DISMISSAL WITH**
                                              **LEAVE TO AMEND**
10        v.

11   PEOPLE OF THE STATE OF
     CALIFORNIA,
12
               Respondent.
13   _____/

14

15                              **INTRODUCTION**

16        Eber Gene Ruth, an inmate at Mule Creek State Prison, filed this pro se action for a writ

17   of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review

18   pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

19

20                              **BACKGROUND**

21        Ruth's petition provides the following information: He was convicted in Del Norte

22   County Superior Court of first degree murder in 1992 or 1993 and was sentenced on an

23   unidentified date to 28 years to life in prison.  He apparently appealed and may have sought

24   collateral relief in state courts before filing this action.

25        Ruth then filed this action.  The signature on the petition is dated June 16, 2008.  The

26   petition was stamped "filed" on April 29, 2009 at this court, and came to this court in an

27   envelope postmarked April 8, 2009.  The petition is a copy of a petition Ruth filed in the

28   California Supreme Court on June 18, 2008, and that may explain why the petition has a

**United States District Court**
For the Northern District of California

1  signature date about ten months before the mailing date.  Unless petitioner provides evidence
2  that he gave the petition to prison officials to mail <u>to this court</u> in June 2008, the petition will be
3  deemed filed here as of April 8, 2009, the date of the postmark on the envelope in which it
4  arrived at this court.

5

6                                         **DISCUSSION**

7          The petition has two main problems.  First, it does not state any claim upon which habeas
8  relief may be granted.  This court may entertain a petition for writ of habeas corpus "in behalf
9  of a person in custody pursuant to the judgment of a State court only on the ground that he is in
10 custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
11 2254(a).  In the "grounds for relief" section of the petition, Ruth wrote that the First, Sixth and
12 Fourteenth Amendments provided authority for him, and in the "supporting facts" section, he
13 wrote "see: writ numbered 1-8 petition."  Petition, p. 3.  These allegations are insufficient.
14 Petitioner must file an amended petition in which he states each claim for relief separately and
15 provides a brief explanation of the facts that support each claim for relief.

16         Second, the petition appears to be time-barred.  The Antiterrorism and Effective Death
17 Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first
18 time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.
19 Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed
20 within one year of the latest of the date on which:  (1) the judgment became final after the
21 conclusion of direct review or the time passed for seeking direct review; (2) an impediment to
22 filing an application created by unconstitutional state action was removed, if such action
23 prevented petitioner from filing; (3) the constitutional right asserted was recognized by the
24 Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive
25 to cases on collateral review; or (4) the factual predicate of the claim could have been discovered
26 through the exercise of due diligence.  <u>See</u> 28 U.S.C. § 2244(d)(1).  Time during which a
27 properly filed application for state post-conviction or other collateral review is pending is

28

                                              2

excluded from the one-year time limit.  See id. § 2244(d)(2).  The limitations period also may be equitably tolled.  It appears that the petition, filed more than fifteen years after the conviction, may be untimely under the AEDPA's one-year limitation period.  This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition.  In his amended petition, Ruth should explain why his petition should not be summarily dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, the petition is dismissed with leave to amend.  Ruth must file an amended petition no later than **October 30, 2009** that corrects the deficiencies identified in this order.  Failure to file the amended petition by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: September 14, 2009

_____
SUSAN ILLSTON
United States District Judge