UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EBER GENE RUTH,

    Petitioner,

  v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

No. C 09-1861 SI (pr)

**ORDER**

## INTRODUCTION

Eber Gene Ruth, an inmate at Mule Creek State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed the petition with leave to amend, explaining that it failed to state a claim and appeared to be untimely. Ruth then filed a response to the order to amend, which the court will treat as an amended petition and review it pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to Ruth's petition, he was convicted in Del Norte County Superior Court of first degree murder in 1992 or 1993 and was sentenced on an unidentified date to 28 years to life in prison. He apparently appealed and sought collateral relief in state courts.

Ruth then filed this action. The signature on the petition is dated June 16, 2008. The petition was stamped "filed" on April 29, 2009 at this court, and came to this court in an envelope postmarked April 8, 2009. The petition is a copy of a petition Ruth filed in the

California Supreme Court on June 18, 2008, and that may explain why the petition has a signature date about ten months before the mailing date.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

It appears that the petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court

1  need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule
2  4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1)
3  move to dismiss the petition on the ground that it is untimely, or (2) inform the court that
4  respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

5        The court had indicated in its Order Of Dismissal With Leave To Amend that it might
6  summarily dismiss the petition as time-barred if petitioner did not explain the 15-year delay in
7  getting to federal court. Although petitioner did not explain the delay in his response, it appears
8  necessary that the matter be briefed for the court to decide whether the petition is time-barred
9  because the docket sheets on the California courts web page show that Ruth has filed numerous
10 state habeas petitions over the years in the California Court of Appeal and California Supreme
11 Court. (He also may have filed petitions in the superior court, but the superior court docket
12 sheets are not posted on the California courts website.)

13       Ruth attached to his response to the order to amend a copy of a motion for appointment
14 of counsel in the California Supreme Court  The court construes the document to be a motion
15 for appointment of counsel in this action. A district court may appoint counsel to represent a
16 habeas petitioner whenever "the court determines that the interests of justice so require and such
17 person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision
18 to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d
19 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only
20 when the circumstances of a particular case indicate that appointed counsel is necessary to
21 prevent due process violations. See id. Based on the materials in the court file, it does not
22 appear that appointment of counsel is necessary in this action. The motion for appointment of
23 counsel is DENIED.

24 / / /
25 / / /
26 / / /
27
28

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order, the petition, the response to the order to amend, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

2. Respondent must file and serve, no later than **December 19, 2009**, a motion to dismiss the petition or a notice that he is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving a copy upon respondent no later than **January 22. 2010**.

4. Respondent must file and serve his reply, if any, no later than **February 14, 2010**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or if the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. The motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

DATED: November 3, 2009

_____
SUSAN ILLSTON
United States District Judge